Bradley, J.
The action is upon an oral agreement alleged to have been made between the parties, by which the defendant undertook to pay to the plaintiff ten per cent of the premiums received by him for insuring in insurance companies represented by him as agent, risks furnished him by the plaintiff, and a like per cent of the premiums so received for renewals of the insurance of such risks._ The parties were agents of insurance companies, and it seems that a certain class or classes of risks, the plaintiff was not permitted to take for the company he represented, while the defendant was less restricted in that respect by some of the companies of which he was agent, and that the proposition of the plaintiff to furnish such as he could not take, to the defendant resulted in the alleged agreement, pursuant to which the plaintiff, in .1877, furnished to the defendant the application of one Jones for insurance on his mill, which was taken by the defenda nt, and a policy or policies of one or more of the companies represented by him, made to Jones for $6,000 on his mill. And this insurance was afterwards from year to year renewed by the defendant, and the premiums paid to him. He paid to the plaintiff ten per cent of the premium received upon the original insurance, and declined to pay to the plaintiff any part of the premiums received for ‘'the subsequent renewals of the insurance. And in 1879 the plaintiff brought an action in justices court to recover ten per cent of the amount received by the defendant for the renewals made in 1878 and 1879, extending the insurance into the year 1880, An issue in that action made by answer to the complaint was tried, and judgment recovered by the plaintiff upon the merits. The action was on appeal to the county court of Cattaraugus, there tried with a like result; and, on appeal to this court, the judgment was affirmed. See MSS. opinion of Haight, J., and 22 N. Y. W. Dig., 123.
The present action was brought in 1884, in the county court, to recover ten per cent, of the amount of the pre *860 miums received „by the defendant for the renewals of the-insurance of the Jones mill in 1880, 1881, 1882 and 1883, extending the insurance into the year 1884, and a verdict was directed for the plaintiff for the amount of such, percentage. Upon the trials of the action first commenced, the terms of the agreement were litigated.
The plaintiff gave evidence to the effect that its terms-were as before stated, while the evidence on the part of the defendant was that the agreement to pay ten per cent of the premium related only to the original insurance, and did not embrace any renewals of the risk. The determination of that question -of fact against the defendant, and the judgment thereupon entered conclusively, established the terms of the contract as the plaintiff claimed them to be. The record of the judgment was put in evidence in this-action, and by it and the evidence showing what was litigated there, effectually disposed of the question as to the agreement. And for that purpose it was not necessary to-plead the former judgment as an estoppel. It was properly and practically with like effect received as"evidence. Krekler v. Ritter, 62 Ñ. Y., 372.
The contention on the part of the defendant, that the agreement was void because it was evident that so far as related to renewals it could not be performed within one year, does not seem to be supported because the agreement was not, by its terms, “not to be performed within one year from the making thereof,” within the meaning of the statute, although capable of a continuance longer than a year. Trustees, etc., v. Brooklyn Fire Ins. Co., 19 N. Y., 305; Smith v. Conlih, 19 Hun, 234.
The defendant offered to prove that in 1879 he told the plaintiff “that he should issue no more renewals on.this insurance under any arrangement he had made with him, and that he told him the same in the early part of 1881,” and took exception to the exclusion of the evidence.
It is not apparent that the agreement and its operation could be terminated in that manner.
We think this evidence offered was of no value for any purpose. The agreement m question here is the same as that involved in the former action, when recovery was had on account of premiums received by the defendant for re • newals of the insurance of the same property And those in question here are further renewals of such insurance of it.
The question hei’e is, therefore, not res nova, but is controlled by the determination of the former action on the appeal to this court.
The judgment and order should be affirmed.
Smith, P. J., and Haight, J., concur; Barker, J., not voting.